ORIGINAL

BINGHAM McCUTCHEN LLP
BETH H. PARKER (SBN 104773)
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2556
Facsimile: (415) 393-2286
beth.parker@bingham.com

BINGHAM McCUTCHEN LLP
SUSAN L. BAKER-MANNING (SBN 197909) E-filing
2020 K Street, NW
Washington, DC 20006-1806
Telephone: (202) 373-6000
Facsimile: (202) 373-6001
susan.manning@bingham.com

Attorneys for Plaintiff
Ceravision, Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 08 2575

| | |
|---|---|
| CERAVISION, LIMITED,<br>Bletchley Park<br>Milton Keynes<br>England MK3 6EB,<br><br>        Plaintiff,<br>v.<br><br>LUXIM CORPORATION,<br>1171 Borregas Avenue<br>Sunnyvale, California 94089,<br><br>        Defendant. | Civil Action No. _____ RS<br><br>COMPLAINT |

Plaintiff Ceravision Limited ("Ceravision") for its complaint against Luxim Corporation ("Luxim") states as follows:

**THE PARTIES**

1.    Ceravision Limited ("Ceravision") is a corporation organized and existing under the laws of the United Kingdom and has a place of business in Milton Keynes, United Kingdom.

2.      Upon information and belief, Defendant Luxim Corporation ("Luxim") is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 1171 Borregas Avenue, Sunnyvale, California.

### THE NATURE OF THE ACTION

3.      This is an action under 35 U.S.C § 146 to review a Decision on Motions and Final Judgment entered on March 24, 2008 by the Board of Patent Appeals and Interferences ("the Board") of the United States Patent and Trademark Office ("PTO") in Interference No. 105,393 ("the '393 Interference").

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction of this action pursuant to 35 U.S.C. § 146 and 28 U.S.C. §§ 1331 and 1338.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 146.

### THE PATENT INTERFERENCE

6.      This action arises from the March 24, 2008 Decision on Motions and Final Judgment, entered on even date, by the Board. A true and correct copy of the Final Decision is attached as Exhibit A.

7.      Ceravision is the owner by assignment of U.S. Patent application 09/818,092 ("the '092 application") involved in the '393 Interference. The '092 application is entitled "High Intensity Light Source" and lists as inventors Charles Guthrie ("Guthrie"), Edmund Sandberg, Gregory Prior, Don Wilson, and David Smoler (collectively, "the Guthrie inventors").

8.      Upon information and belief, Luxim is the owner by assignment of U.S. Patent No. 6,737,809 ("the '809 patent") involved in the '393 Interference. The '908 patent is entitled "Plasma Lamp with Dielectric Waveguide" and lists as inventors Frederick Espiau ("Espiau"), Yian Chang and Chandrashekar Joshi (collectively, "the Espiau inventors").

9.      The Board declared and instituted the '393 Interference between the '092 application and the '809 patent on January 24, 2006.

10. All claims of the '809 patent, claims 1-35, were designated as corresponding to the Count. All claims of the '092 application, claims 109-131, were designated as corresponding to the Count.

11. The sole Count in the '393 Interference is comprised of claims 1 or 32 of the '809 patent or claims 109 or 129 of the '092 application, recited in the alternative.

12. On March 24, 2008, the Board issued a Decision on Motions in the '393 Interference (Paper 256) which, along with its decisions of March 23, 2006 (Paper 27), April 4, 2006 (Paper 29), February 27, 2007 (Paper 83), March 13, 2007 (Paper 86) and September 20, 2007 (Paper 223) ("the Board's Decisions") were adverse to Ceravision and Guthrie, and favorable to Luxim and Espiau; and wherein the Board erroneously ruled, contrary to fact and law, that:

    a. Guthrie was not entitled to discovery from Espiau regarding the documents retained by Espiau relating to its collaboration with Guthrie on the subject matter of the Count;

    b. Guthrie was not entitled to discovery from Espiau's counsel for alleged violations of 37 C.F.R. § 10.87;

    c. Guthrie was not authorized to file a motion to be accorded benefit of U.S. provisional applications 60/224,061, 60/224,503, 60/224,961 and 60/224,617;

    d. Guthrie was not entitled, in the alternative, to seek correction of the '809 patent to add the Guthrie inventors as co-inventors;

    e. Espiau was entitled to challenge whether the Guthrie provisional applications, for which the benefit of priority was claimed, met the written description requirement of 35 U.S.C. § 112 despite Espiau's omission of such as motion from its proposed Motions List (Paper 25);

    f. none of the claims of Espiau's U.S. Patent No. 6,922,021 ("the '021 patent") should be designated as corresponding to the Count, denying Guthrie's Miscellaneous Motion 2;

1     g.     all of Espiau's involved claims are not unpatentable under 35 U.S.C. § 112, first paragraph and 35 U.S.C. § 132, denying Guthrie's Substantive Motion 3;

    h.     Espiau is entitled to the benefit of priority of the filing date of U.S. provisional patent application 60/222,028 and Guthrie is not entitled to the benefit of priority of the filing dates of any of the provisional applications for which benefit was accorded in the Declaration of Interference (Paper 1), granting Espiau's Substantive Motion 4;

    i.     Guthrie was not entitled to seek judgment on the grounds that Espiau had engaged in inequitable conduct both prior to issuance of the '809 patent and in connection with its conduct during the '393 Interference;

    j.     Guthrie did not establish by a preponderance of the evidence that its reduction to practice during the week of July 17, 2000 met every limitation of the Count;

    k.     Guthrie's evidence of derivation did not rule out that Espiau's alleged conception – although identical to that disclosed in the Guthrie conception documents and allegedly conceived no later than three days after Espiau met with Guthrie – was merely a coincidence;

    l.     although Espiau worked on implementing the subject matter of the Count at Guthrie's direction and expense, provisional application 60/222,028 filed by Espiau misappropriating the subject matter of the Count (and from which the '809 patent claims priority) did not inure to Guthrie's benefit for purposes of Guthrie's constructive reduction to practice;

    m.     the Board need not consider the admissions and perjurious declarations filed by Espiau in support of its Priority Motion in evaluating Guthrie's priority case because "Guthrie did not know upon which specific arguments and proofs Espiau would rely."

13. Based on the foregoing erroneous decisions, the Board entered Final Judgment adverse to Ceravision and Guthrie on March 24, 2008.

14. Ceravision and Guthrie are dissatisfied with the Board's Decisions and Final Judgment.

15. Ceravision and Guthrie have not sought review of the Board's Decisions and Final Judgment by the United States Court of Appeals for the Federal Circuit, and pursuant to 35 U.S.C. 146, have elected to file suit in this Court for dissatisfaction with the Board's Decisions and Final Judgment.

16. The Board's Decisions on the Motions in the '393 Interference were erroneous, contrary to fact, law and common sense, and Ceravision is entitled to judgment in this action correcting the erroneous judgment and rulings of the Board, based on the record before the Board and any additional evidence that Ceravision may introduce in this action.

17. Guthrie has priority as to the subject matter at issue in the '393 Interference and Espiau's claims are unpatentable, inter alia, under 35 U.S.C. § 102(g).

18. Guthrie is entitled to the benefit of the filing dates of its provisional applications.

19. Espiau derived the invention from Guthrie, and Espiau's work, undertaken at Guthrie's direction and expense inures to Guthrie's benefit in establishing priority of the subject matter of the Count.

20. Espiau's involved claims are unpatentable, inter alia, under 35 U.S.C. § 112, first paragraph and 35 U.S.C. § 132, and are unenforceable based on inequitable conduct committed by Espiau both during the prosecution of the '809 patent and in connection with its conduct during the '393 Interference.

WHEREFORE, Ceravision demands judgment that:

a. the March 24, 2008 decision in the '393 Interference be vacated;

b. the March 24, 2008 judgment in the '393 Interference be vacated;

c. the Board's judgment be reversed;

d. all claims of the '021 patent be designated as corresponding to the Count;

| | | |
|---|---|---|
| 1 | e. | Espiau's involved claims are unpatentable under 35 U.S.C. §§ 112, first |
| 2 | | paragraph and 132; |
| 3 | f. | Espiau is not entitled to the benefit of priority of the filing date of U.S. |
| 4 | | provisional application 60/222,028; |
| 5 | g. | Guthrie is entitled to the benefit of priority of the filing dates of the |
| 6 | | applications for which benefit was accorded in the Declaration of |
| 7 | | Interference (Paper No. 1); |
| 8 | h. | Guthrie is entitled to the benefit of priority of the filing dates of U.S. |
| 9 | | provisional applications 60/224,061, 60/224,503, 60/224,961 and |
| 10 | | 60/224,617; |
| 11 | i. | Guthrie has priority as to the subject matter at issue in the '393 |
| 12 | | Interference under 35 U.S.C. § 102(g), including all claims of the '809 and |
| 13 | | '021 patents; |
| 14 | j. | Espiau's involved claims are unpatentable under 35 U.S.C. § 102(g); |
| 15 | k. | Espiau engaged in inequitable conduct both prior to issuance of the '809 |
| 16 | | patent and in connection with its conduct during the '393 Interference, |
| 17 | | making this case exceptional within the meaning of 35 U.S.C. § 285; |
| 18 | l. | Guthrie is entitled to discovery; |
| 19 | m. | in the alternative, that the Guthrie inventors should be named co-inventors |
| 20 | | with the Espiau inventors with respect to the subject matter of the Count; |
| 21 | n. | every decision in the interference in which the Board ruled against Guthrie |
| 22 | | be reversed or in the alternative vacated and remanded; |
| 23 | o. | every decision in the interference in which the Board denied or dismissed |
| 24 | | the relief sought by Guthrie be reversed or in the alternative vacated and |
| 25 | | remanded, |
| 26 | p. | every decision in the interference in which the Board granted the relief |
| 27 | | sought by Espiau be reversed or in the alternative vacated and remanded; |
| 28 | | |

| | | |
|---|---|---|
| 1 | q. | costs and attorneys fees be awarded in favor of Ceravision against Luxim; and |
| 3 | r. | Ceravision be awarded such other and further relief as may be appropriate. |

Dated: May 21, 2008

                              BINGHAM McCUTCHEN LLP

                              By: _____
                                      Beth H. Parker
                              Attorneys for Plaintiff Ceravision Limited

**JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
CERAVISION, LIMITED

**DEFENDANTS**
LUXIM CORPORATION

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Santa Clara
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Beth H. Parker (SBN 104773)
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [x] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- 362 Personal Injury — Med. Malpractice
- 365 Personal Injury — Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- [x] 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus - Alien Detainee
- 465 Other Immigration Actions

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. § 146
Brief description of cause:
Review of a Decision on Motions and Final Judgement by the Board of Patent Appeals and Interferences

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: May 21, 2008
SIGNATURE OF ATTORNEY OF RECORD
Beth H. Parker

American LegalNet, Inc.
www.FormsWorkflow.com