Robert C. Morgan (SBN 46348)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Tel.: (212) 596-9000
Fax: (212) 596-9090
robert.morgan@ropesgray.com

Clinton L. Conner (SBN 244244)
ROPES & GRAY LLP
525 University Avenue
Palo Alto, California 94301
Tel.: (650) 617-4000
Fax: (650) 617-4090
clinton.conner@ropesgray.com

Terry Kearney (SBN 160054)
Matthew A. Argenti (SBN 240954)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94303
Tel.: (650) 493-9300
Fax: (650) 493-6811
tkearney@wsgr.com
margenti@wsgr.com

Attorneys for Defendant and
Counterclaim Plaintiff
LUXIM CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| CERAVISION, LIMITED, | )<br>)<br>) Civil Action No. CV 08-2575-SI |
| Plaintiff and<br>Counterclaim Defendant, | )<br>)<br>) **FIRST AMENDED ANSWER AND** |
| v. | )<br>) **COUNTERCLAIMS OF LUXIM**<br>) **CORPORATION TO FIRST AMENDED**<br>) **COMPLAINT** |
| LUXIM CORPORATION, | )<br>) |
| Defendant and<br>Counterclaim Plaintiff. | )<br>) |

Defendant Luxim Corporation ("Luxim") responds to the First Amended Complaint as follows:

## THE PARTIES

1.    Luxim admits on information and belief the averments in paragraph 1 of the First Amended Complaint.

2.    Luxim admits the averments of paragraph 2 of the First Amended Complaint.

## THE NATURE OF THE ACTION

3.    Luxim admits that plaintiff Ceravision Limited ("Ceravision") purports to bring an action under 35 U.S.C. § 146 to review a Decision on Motions and Final Judgment entered on March 24, 2008, as well as other decisions, by the Board of Patent Appeals and Interferences ("the Board") of the United States Patent and Trademark Office in Interference No. 105,393 ("the '393 Interference") and purports to bring an action for correction of inventorship pursuant to 35 U.S.C. §§ 116 and 256 and declaratory judgment to correct inventorship under 28 U.S.C. §§ 2201 and 2202; and otherwise denies the averments of paragraph 3 of the First Amended Complaint.

## JURISDICTION AND VENUE

4.    Luxim admits that Ceravision purports to invoke this Court's jurisdiction pursuant to 35 U.S.C. §§ 116, 146 and 256, and 28 U.S.C. §§ 1331, 1338, 2201 and 2202; and otherwise denies the averments of paragraph 4 of the First Amended Complaint.

5.    Luxim admits that venue is proper in this judicial district and otherwise denies the averments of paragraph 5 of the First Amended Complaint.

## COUNT I – THE PATENT INTERFERENCE

6.    Luxim admits that Ceravision purports to attach a true and correct copy of the Final Decision to its complaint as Exhibit A; and otherwise denies the averments of paragraph 6 of the First Amended Complaint.

7.    Luxim admits that Ceravision purports to be the owner by assignment of U.S. Patent application 09/818,092 ("the '092 application"), and admits that the '092 application

is entitled "High Intensity Light Source" and lists as inventors Charles Guthrie, Edmund Sandberg, Gregory Prior, and Donald Wilson (the "Guthrie Applicants"); and otherwise denies the averments of paragraph 7 of the First Amended Complaint.

8.    Luxim admits that it is the owner by assignment of U.S. Patent No. 6,737,809 ("the '809 patent"), and that the '809 patent is entitled "Plasma Lamp with Dielectric Waveguide" and lists as inventors Frederick M. Espiau, Chandrashekhar J. Joshi, and Yian Chang (collectively, "the Espiau Inventors"); and otherwise denies the averments of paragraph 8 of the First Amended Complaint.

9.    Luxim admits the averments of paragraph 9 of the First Amended Complaint.

10.    Luxim admits the averments of paragraph 10 of the First Amended Complaint.

11.    Luxim states that the sole "Count" in the '393 Interference is claim 109 of the '092 application or claim 1 of the '809 patent or claim 129 of the '092 application or claim 32 of the '809 patent; and otherwise denies the averments of paragraph 11 of the First Amended Complaint.

12.    Luxim admits that in the '393 Interference the Board entered a March 24, 2008 "Decision – Priority – Bd. R. 125(a)" (Paper 256) that denied the Guthrie Applicants' priority motion, dismissed the Espiau Inventors' priority motion as moot, and dismissed both parties' respective motions to exclude evidence, and a February 27, 2007 "Decision – Motions – Bd. R. 125(a)" (Paper 83), some aspects of which were adverse to Ceravision and the Guthrie Applicants and favorable to Luxim and the Espiau Inventors ("the Board's Decisions").  Luxim states that Administrative Patent Judge Sally C. Medley ("APJ Medley") entered orders and decisions on March 23, 2006 (Paper 27), April 4, 2006 (Paper 29), March 13, 2007 (Paper 86), and September 20, 2007 (Paper 223), some aspects of which were adverse to Ceravision and the Guthrie Applicants and favorable to Luxim and the Espiau Inventors.  Luxim denies that any of the orders, decisions and judgments adverse to Ceravision were erroneous in fact or law,

1    including, but not limited to, orders, decisions and judgments referred to by Ceravision in this

2    paragraph 12 and elsewhere in the First Amended Complaint.

3          a.    Luxim denies the averments of paragraph 12a of the First Amended

4                  Complaint, and states that the Guthrie Applicants did not bring any such

5                  motion to be heard by a panel of the Board, as required by 37 C.F.R.

6                  §§ 41.125(b) and (c)(5) and 37 C.F.R. § 41.2 (Definition of "Final") in

7                  order to preserve the issue for judicial review.

8          b.    Luxim denies the averments of paragraph 12b of the First Amended

9                  Complaint, and states that the Guthrie Applicants listed a "Miscellaneous

10                 Motion for Additional Discovery and to Exclude Evidence (For access to

11                 evidence obtained in violation of 37 C.F.R. § 10.87)" in their March 20,

12                 2006 "Guthrie Amended Motions List Before Conference" (Paper 26) as

13                 a motion that the Guthrie Applicants anticipated would be filed on their

14                 behalf during the '393 Interference, and states that APJ Medley did not

15                 authorize the motion in the March 23, 2006 "Order – Motion Times – Bd.

16                 R. 104(c)" (Paper 27) during the preliminary motions phase of the

17                 interference.  Luxim further states that Ceravision did not bring any such

18                 motion to be heard by a panel of the Board, as required by 37 C.F.R.

19                 §§ 41.125(b) and (c)(5) and 37 C.F.R. § 41.2 in order to preserve the

20                 issue for judicial review.

21          c.    Luxim denies the averments of paragraph 12c of the First Amended

22                 Complaint, and states that the Guthrie Applicants filed a request to file a

23                 motion to be accorded benefit of U.S. provisional applications

24                 60/224,061, 60/224,503, 60/224,961, and 60/224,617 ("the additional

25                 provisional applications") which the Guthrie Applicants withdrew (*see*

26                 the March 23, 2006 "Order – Motion Times – Bd. R. 104(c)" (Paper 27)),

27                 and states that APJ Medley refused to authorize the Guthrie Applicants'

28                 renewed request in light of the Guthrie Applicants' withdrawal of their

1    previous request, the Guthrie Applicants' failure to request a rehearing

2    relating to their first request within fourteen (14) days of the March 23,

3    2006 Order, as prescribed by Bd. R. 125(c), the Guthrie Applicants'

4    failure to seek to file a responsive motion to be accorded the benefit of

5    any of the additional provisional applications in response to the Espiau

6    Inventors' motion attacking the benefit already accorded the Guthrie

7    Applicants, the amount of time that had passed between the Guthrie

8    Applicants' withdrawal of their first request and their second request

9    (nearly a year), the fact that it would have been inequitable to give the

10   Guthrie Applicants the opportunity to file such a motion after the Board

11   had already decided motions regarding the benefit accorded the Guthrie

12   Applicants, the fact that the authorization of such a motion would have

13   allowed the Guthrie Applicants to change their position on issues already

14   decided, and the fact that, even if the Guthrie Applicants were to be

15   accorded benefit of any of the additional provisional applications, they

16   still would have been the junior party in the interference.  Luxim further

17   states that the Guthrie Applicants did not seek review of APJ Medley's

18   decision by a panel of the Board, as required by 37 C.F.R. §§ 41.125(b)

19   and (c)(5) and 37 C.F.R. § 41.2 in order to preserve the issue for judicial

20   review.

21        d.    Luxim denies the averments of paragraph 12d of the First Amended

22   Complaint, and states that the Guthrie Applicants noticed a contingent

23   motion in this regard which they did not subsequently file.  Luxim further

24   states that the Guthrie Applicants did not seek to bring any such motion to

25   be heard by a panel of the Board, as required by 37 C.F.R. §§ 41.125(b)

26   and (c)(5) and 37 C.F.R. § 41.2 in order to preserve the issue for judicial

27   review.

28

e.  Luxim denies the averments of paragraph 12e of the First Amended Complaint, and states that APJ Medley issued a April 4, 2006 "Decision – Rehearing – Bd. R. 125(c)" (Paper 29) authorizing the Espiau Inventors to challenge the '092 application claims based on the written description requirement of 35 U.S.C. § 112, ¶ 1.  Luxim further states that the Guthrie Applicants did not seek review of APJ Medley's decision by a panel of the Board, as required by 37 C.F.R. §§ 41.125(b) and (c)(5) and 37 C.F.R. § 41.2 in order to preserve the issue for judicial review.

f.  Luxim admits that the Board denied "Guthrie Miscellaneous Motion 2 (To add Espiau Patent 6,922,021 to the interference and to designate certain claims as corresponding to the count)" (Paper 39) in its February 27, 2007 "Decision – Motions – Bd. R. 125(a)" (Paper 83) and reaffirmed this decision in the March 20, 2007 "Decision – On Rehearing – Bd. R. 125(c)" (Paper 89); and otherwise denies the averments of paragraph 12f of the First Amended Complaint.

g.  Luxim admits that the Board denied "Guthrie Preliminary Motion 3 (Unpatentability of the '809 patent for failure to comply with 35 U.S.C. § 112, first paragraph)" (Paper 40) in its February 27, 2007 "Decision – Motions – Bd. R. 125(a)" (Paper 83); and otherwise denies the averments of paragraph 12g of the First Amended Complaint.

h.  Luxim admits that the Espiau Inventors were accorded the benefit of U.S. provisional patent application 60/222,028 ("the '028 provisional application") by the January 24, 2006 "Declaration – Bd. R. 203(d)" (Declaration of Interference) (Paper 1), and states that the Guthrie Applicants did not notice a challenge to the Espiau Inventors' benefit of the '028 provisional application during the '393 Interference pursuant to 35 C.F.R. § 41.120 and Board Standing Order ¶ 104.2.1, states that the Guthrie Applicants did not move to deny the Espiau Inventors benefit of

1   the '028 provisional application pursuant to 37 C.F.R. § 41.121(a)(ii) and

2   no such motion was heard by a panel of the Board as required by 37

3   C.F.R. §§ 41.125(b) and (c)(5) and 37 C.F.R. § 41.2 in order to preserve

4   that issue for judicial review.  Luxim admits that the Board granted

5   "Espiau Motion 3 to Deny Guthrie Benefit of Provisionals" (Paper 35) in

6   its February 27, 2007 "Decision – Priority – Bd. R. 125(a) " (Paper 83)

7   and reaffirmed this decision in the March 20, 2007 "Decision – On

8   Rehearing – Bd. R. 125(c) " (Paper 89).  Luxim otherwise denies the

9   averments of paragraph 12h of the First Amended Complaint.

10  i.   Luxim denies the averments of paragraph 12i of the First Amended

11       Complaint, and states that in the September 20, 2007 "Decision –

12       Interlocutory Motions – Bd. R. 125(b)" (Paper 223) APJ Medley denied

13       the Guthrie Applicants' request to file a motion against the Espiau

14       Inventors based on alleged inequitable conduct and states that the Guthrie

15       Applicants did not seek review of APJ Medley's decision by a panel of

16       the Board as required by 37 C.F.R. §§ 4125(b) and (c)(5) and 37 C.F.R.

17       § 41.2 in order to preserve the issue for judicial review.

18  j.   Luxim admits that the Board in its March 24, 2008 "Decision – Priority –

19       Bd. R. 125(a)" (Paper 256) determined that the Guthrie Applicants did

20       not establish by a preponderance of the evidence that during the week of

21       July 17, 2000 they constructed an embodiment that met every element of

22       the Count; and otherwise denies the averments of paragraph 12j of the

23       First Amended Complaint.

24  k.   Luxim admits that the Board in its March 24, 2008 "Decision – Priority –

25       Bd. R. 125(a)" (Paper 256) determined that the Guthrie Applicants failed

26       to demonstrate that they communicated a conception to the Espiau

27       Inventors, and states that the Board found that explanations, other than

28       that the Espiau Inventors derived the invention from the Guthrie

1   Applicants, were at least equally plausible to explain the Espiau

2   Inventors' independent conception three days after the April 11, 2000

3   meeting, and otherwise denies the averments of paragraph 12k of the First

4   Amended Complaint.

5   l.   Luxim admits that the Board in its March 24, 2008 "Decision – Priority –

6   Bd. R. 125(a)" (Paper 256) determined that the '028 provisional

7   application does not inure to the Guthrie Applicants' benefit for purposes

8   of the Guthrie Applicants' constructive reduction to practice, and

9   otherwise denies the averments of paragraph 12l of the First Amended

10  Complaint.

11  m.   Luxim admits that the Board in its March 24, 2008 "Decision – Priority –

12  Bd. R. 125(a)" (Paper 256) determined that it need not consider the

13  Espiau Inventors' priority motion because the Guthrie Applicants failed

14  to demonstrate priority of invention.  Luxim denies that the Espiau

15  Inventors filed "perjurious declarations" and otherwise denies the

16  averments of paragraph 12m of the First Amended Complaint.

17  13.   Luxim admits that the Board entered Final Judgment adverse to

18  Ceravision and the Guthrie Applicants on March 24, 2008, and that the Guthrie Applicants

19  failed to prove priority of invention; and otherwise denies the averments of paragraph 13 of the

20  First Amended Complaint.

21  14.   Luxim admits on information and belief the averments in paragraph 14 of

22  the First Amended Complaint.

23  15.   Luxim is without knowledge or information sufficient to form a belief as

24  to the truth of the averments of paragraph 15 of the First Amended Complaint.

25  16.   Luxim denies the averments of paragraph 16 of the First Amended

26  Complaint.

27  17.   Luxim denies the averments of paragraph 17 of the First Amended

28  Complaint.

1  18.   Luxim denies the averments of paragraph 18 of the First Amended

2  Complaint.

3  19.   Luxim denies the averments of paragraph 19 of the First Amended

4  Complaint.

5  20.   Luxim denies the averments of paragraph 20 of the First Amended

6  Complaint.

7  **COUNT II – CORRECTION OF INVENTORSHIP**

8  21.   Luxim incorporates by reference paragraphs 1-20 of this First Amended

9  Answer as if fully set forth here.

10  22.   Luxim admits that Luxim is the assignee of U.S. patent applications

11  which have issued as U.S. Patents Nos. 6,737,809, 6,922,021, 7,348,732, 7,372,209, 7,362,054,

12  7,358,678, 7,362,055 and 7,362,056, each of which names one or more of the Espiau Inventors;

13  and otherwise denies the averments of paragraph 22 of the First Amended Complaint.  Luxim

14  states that Ceravision does not provide any information or statement identifying either the

15  subject matter that was allegedly invented by one or more of the so-called "Guthrie Inventors"

16  or the application or patent claims that allegedly correspond to that subject matter, and that

17  therefore Luxim is without knowledge or information sufficient to form an understanding of the

18  averments of paragraph 22 of the First Amended Complaint, and on that basis also denies those

19  averments.  Luxim further states that the applications that issued as U.S. Patents Nos. 7,348,732,

20  7,372,209, 7,362,054, 7,358,678, 7,362,055 and 7,362,056 were referred to during the '393

21  Interference by the Guthrie Applicants as subjects of an anticipated "Miscellaneous Motion to

22  Add Other Espiau Patent and Applications" listed in the March 20, 2006 "Guthrie Amended

23  Motions List Before Conference" (Paper 26) and by the Espiau Inventors as applications that

24  claim or may claim the benefit of the filing date of the '809 patent in the February 4, 2006

25  "Espiau Notice Of Related Proceedings" (Paper 6); and states that the Guthrie Applicants failed

26  to bring any motion to be heard by a panel of the Board to add such applications to the '393

27  Interference and/or request declaration of additional interference(s) involving the applications,

28  or to bring any motion to correct inventorship of the applications, as required by Board Standing

Order ¶¶ 123 and 203, 37 C.F.R. §§ 41.125(b) and (c)(5) and 37 C.F.R. § 41.2 in order to preserve any such issues for judicial review.  Luxim further states that U.S. Patents Nos. 6,737,809 and 6,922,021 were not the subject of any motion by the Guthrie Applicants in the '393 Interference to correct inventorship as required by 37 C.F.R. §§ 41.125(b) and (c)(5) and 37 C.F.R. § 41.2 in order to preserve any such issues for judicial review.

23.    Luxim denies the averments of paragraph 23 of the First Amended Complaint.

24.    Luxim admits that the Guthrie Applicants and David Smoler are not named as inventors of any of the patents listed in paragraph 22, states that there was no "failure" to name some or all of the Guthrie Applicants or David Smoler on any of those patents and corresponding applications because they were not inventors of any invention claimed in those patents and corresponding applications, and otherwise denies the averments of paragraph 24 of the First Amended Complaint.

25.    Luxim denies the averments of paragraph 25 of the First Amended Complaint.

## COUNT III – DECLARATORY JUDGMENT
## CORRECTION OF INVENTORSHIP

26.    Luxim incorporates by reference paragraphs 1-25 of this First Amended Answer as if fully set forth here.

27.    Luxim admits that Ceravision asserts that its Count for declaratory judgment arises under 28 U.S.C. §§ 2201 and 2202, and otherwise denies the averments of paragraph 27 of the First Amended Complaint.

28.    Luxim denies that there is any error in the naming of inventors on the patents and corresponding applications described in paragraph 28 of the First Amended Complaint, and states that Ceravision does not provide any information or statement identifying either the subject matter that was allegedly invented by one or more of the so-called "Guthrie Inventors" or the application or patent claims that allegedly correspond to that subject matter, and that therefore Luxim is without knowledge or information sufficient to form an understanding of the averments of paragraph 28 of the First Amended Complaint, and on that

1    basis also denies those averments. Luxim further states that the applications that issued as U.S.

2    Patents Nos. 7,348,732, 7,372,209, 7,362,054, 7,358,678, 7,362,055 and 7,362,056 were

3    referred to during the '393 Interference either by Guthrie as subjects of an anticipated

4    "Miscellaneous Motion to Add Other Espiau Patent and Applications" listed in the March 20,

5    2006 "Guthrie Amended Motions List Before Conference" (Paper 26) and by the Espiau

6    Inventors as applications that claim or may claim the benefit of the filing date of the '809 patent

7    in the February 4, 2006 "Espiau Notice Of Related Proceedings" (Paper 6); and states that the

8    Guthrie Applicants failed to bring any motion to be heard by a panel of the Board to add such

9    applications to the '393 Interference and/or suggest declaration of additional interference(s)

10   involving the applications, or to bring any motion to correct inventorship of the applications, as

11   required by Board Standing Order ¶¶ 123 and 203, 37 C.F.R. §§ 41.125(b) and (c)(5) and 37

12   C.F.R. § 41.2 in order to preserve any such issues for judicial review. Luxim further states that

13   U.S. Patents Nos. 6,737,809 and 6,922,021 were not the subject of any motion by Guthrie

14   Applicants in the '393 Interference to correct inventorship as required by 37 C.F.R.

15   §§ 41.125(b) and (c)(5) and 37 C.F.R. § 41.2 in order to preserve any such issues for judicial

16   review.

17          29.    Luxim denies the averments of paragraph 29 of the First Amended

18   Complaint, and states that Ceravision does not provide any information or statement identifying

19   either the subject matter that was allegedly invented by one or more of the so-called "Guthrie

20   Inventors" or the application or patent claims that allegedly correspond to that subject matter,

21   and that therefore Luxim is without knowledge or information sufficient to form an

22   understanding of the averments of paragraph 29 of the First Amended Complaint, and on that

23   basis also denies those averments.

24          30.    Luxim denies the averments of paragraph 30 of the First Amended

25   Complaint.

26

27

28

## FIRST AFFIRMATIVE DEFENSE – COUNT I
### (Laches & Estoppel)

31.    Luxim incorporates by reference paragraphs 12, 12a-12e, 12h, and 12i of this First Amended Answer as if fully set forth here.

32.    Ceravision is barred by laches and estoppel from seeking judicial review or resolution of the alleged rulings or issues described in paragraphs 12a-12e, 12h, and 12i of Count I by reason of Ceravision's inexcusable and unreasonable delay, lack of diligence, and its actions or failures to act during the '393 Interference, including its abandonment of motions and proposed motions and its failure to comply with the relevant statutory and regulatory requirements in order to preserve such issues for judicial review.

## SECOND AFFIRMATIVE DEFENSE – COUNT I
### (Waiver)

33.    Luxim incorporates by reference paragraphs 12, 12a-12e, 12h, and 12i of this First Amended Answer as if fully set forth here.

34.    Ceravision has waived all its of rights and claims to seek judicial review or resolution of the alleged rulings or issues described in paragraphs 12a-12e, 12h, and 12i of Count I.  Ceravision had at least constructive knowledge of its alleged rights under, *e.g.*, 37 C.F.R. § 41.120 ("Notice for basis of relief"), 37 C.F.R. § 41.121 ("Motions") and 37 C.F.R. § 41.125(c)(5) ("Panel rehearing") and intentionally relinquished those alleged rights by its actions or failures to act during the '393 Interference, including its abandonment of motions and proposed motions and its failure to comply with the relevant statutory and regulatory requirements in order to preserve such issues for judicial review.

1

## THIRD AFFIRMATIVE DEFENSE – COUNT I
### (Priority of Invention)
**(By including "Priority of Invention" in the Affirmative Defenses, Luxim is not altering the burden of proof, which remains on Ceravision, to prove priority)**

2

3

4    35.    Ceravision is not entitled to the relief sought for the reason that the

5    Guthrie Applicants and David Smoler were not the first to invent the subject matter of the Count

6    in the '393 Interference.

7         a.    The Espiau Inventors were first to conceive the subject matter of the

8              Count.

9         b.    Any conception of the subject matter of the Count by the Guthrie

10             Applicants and David Smoler (and there was none) took place after the

11             Espiau Inventors' conception of the subject matter of the Count.

12        c.    The Guthrie Applicants and David Smoler derived the subject matter of

13             the Count from the Espiau Inventors.

14        d.    The Espiau Inventors were first to reduce the subject matter of the Count

15             to practice.

16        e.    Any reduction to practice of the subject matter of the Count by the

17             Guthrie Applicants (and there was none) took place after the Espiau

18             Inventors reduced the subject matter of the Count to practice.

19

20

## FOURTH AFFIRMATIVE DEFENSE – COUNT I
### (Unpatentability for Failure to Meet 35 U.S.C. § 112, ¶ 1)

21    36.    The '092 application is unpatentable for failure to meet the conditions of

22    patentability of 35 U.S.C. § 112, ¶ 1.

23

24

## FIFTH AFFIRMATIVE DEFENSE – COUNT I
### (Unpatentability under 35 U.S.C. § 102(f))

25    37.    The '092 application is unpatentable because the Guthrie Applicants and

26    David Smoler are not the inventors of the subject matter claimed in the '092 application.

27

28

## SIXTH AFFIRMATIVE DEFENSE – COUNT I
### (Improper Omission and Addition of Applicants)

38.     The Guthrie Applicants derived at least the invention of the Count in the '393 Interference from the Espiau Inventors and then deliberately, knowingly, and with deceptive intent named themselves as inventors and failed to name one or more of the Espiau Inventors as an inventor on the '092 application.

39.     The Guthrie Applicants deliberately, knowingly, and with deceptive intent failed to name David Smoler as an inventor on the '092 application.

    a.     The '092 application was filed on March 26, 2001, naming as inventors the Guthrie Applicants, but not David Smoler.

    b.     The Guthrie Applicants allege that David Smoler attended meetings during which some or all of the subject matter of the '092 application was conceived and the Guthrie Applicants have contended that Mr. Smoler, and not any Guthrie Applicant, conceived of at least a portion of the subject matter of the Count claimed in the '092 patent application.  This contention was material to Guthrie Applicants' position taken in the '393 Interference.

40.     Upon information and belief, the Guthrie Applicants and David Smoler have alleged that Mr. Smoler conceived of at least a portion of the subject matter of the Count claimed in the '092 patent application and, with the knowledge and consent of Mr. Smoler, deliberately, knowingly, and with deceptive intent withheld the name of Mr. Smoler as an inventor on the '092 application when filing that application and filed with the United States Patent and Trademark Office a Declaration and Power of Attorney falsely listing the Guthrie Applicants as the only inventors.

41.     Upon information and belief, the Guthrie Applicants later petitioned to amend the '092 application to add David Smoler as a named inventor, and in doing so the Guthrie Applicants and Mr. Smoler misrepresented that Mr. Smoler had been omitted from the named inventors on the '092 application inadvertently and without deceptive intent.

42.     David Smoler could not properly be added as a named inventor of the '092 application because he was omitted deliberately and knowingly by the Guthrie Applicants and David Smoler and with deceptive intent.  The attempt by the Guthrie Applicants and David Smoler to add Mr. Smoler as an applicant was contrary to 35 U.S.C. § 116 and in violation of 37 C.F.R. § 1.56 and is not effective.  Guthrie Applicants therefore cannot rely on any activities of Mr. Smoler in alleging conception of the subject matter of the Count and may not assert priority of invention based on any activities of David Smoler; and for that additional reason the Ceravision and Guthrie Applicants have no basis for alleging, and cannot allege, conception of all elements of the subject matter of the Count.

## SEVENTH AFFIRMATIVE DEFENSE – COUNT I
### (Unpatentability for Inequitable Conduct)

43.     Luxim incorporates by reference paragraphs 38-42 of this First Amended Answer as if fully set forth here.

44.     Individuals associated with the filing and prosecution of the '092 application, including the Guthrie Applicants and/or David Smoler, deliberately and knowingly withheld information material to the patentability of the '092 application from the United States Patent and Trademark Office – *e.g.*, the name of David Smoler and the name of one or more of the Espiau Inventors as inventors on the '092 application – and presented false information to the United States Patent and Trademark Office ("USPTO") in violation of their duty of candor and good faith dealing with the USPTO and with intent to deceive the USPTO.

45.     The claims of the '092 application are unpatentable under 37 C.F.R. § 1.56 based on inequitable conduct.

## EIGHTH AFFIRMATIVE DEFENSE – COUNT I
### (Lack of Standing)

46.     Luxim incorporates by reference paragraphs 12 and 12e of this First Amended Answer as if fully set forth here.

47.     Ceravision lacks standing to seek judicial review or resolution of the alleged rulings or issues described in paragraph 12e of the First Amended Complaint.

Ceravision was not injured by the April 4, 2006 "Decision – Rehearing – Bd. R. 125(c)" (Paper 29) authorizing the Espiau Inventors to challenge the '092 application claims based on the requirements of 35 U.S.C. § 112, ¶ 1 by reason of the fact that the Board denied Espiau's May 2, 2006 "Espiau Motion 2, Espiau's Claims Not Patentable To Guthrie" (Paper 34) challenging the '092 application's claims for failure to comply with 35 U.S.C. § 112, ¶ 1 in the February 27, 2007 "Decision – Motions – Bd. R. 125(a)" (Paper 83).

## NINTH AFFIRMATIVE DEFENSE – COUNT I
### (Failure to State a Claim Upon Which Relief can be Granted)

48.    Count I fails to state a claim upon which relief can be granted.

## FIRST AFFIRMATIVE DEFENSE – COUNTS II AND III
### (Laches & Estoppel)

49.    Luxim incorporates by reference paragraphs 21-30 of this First Amended Answer as if fully set forth here.

50.    None of the Guthrie Applicants or David Smoler is an inventor of any of any invention claimed in any Luxim application or United States patents which issued from them, including U.S. Patents Nos. 6,737,809, 6,922,021, 7,348,732, 7,372,209, 7,362,054, 7,358,678, 7,362,055 and 7,362,056.

51.    Ceravision is barred by laches and estoppel from claiming that any Guthrie Applicant or David Smoler should be named as an inventor on U.S. Patent No. 6,737,809 by reason of the March 24, 2008 Decision and Judgment of the Board denying Guthrie Applicants' motion for priority.

52.    Ceravision is barred by laches and estoppel from seeking judicial review or resolution of the alleged issues described in Counts II and III, including from claiming that any Guthrie Applicant or David Smoler is an inventor of any invention claimed in U.S. Patents Nos. 7,362,055, 7,348,732, 7,372,209, 7,362,054, 7,358,678 and 7,362,055 by reason of Ceravision's failure to seek to bring a motion to add such applications to the '393 Interference and/or request the declaration of additional interference(s) involving the applications and move to correct inventorship of those applications, and its failure to comply with the relevant statutory

and regulatory requirements in order to preserve any such issues for judicial review. With respect to U.S. Patents Nos. 6,737,809 and 6,922,021, Ceravision did not move to correct inventorship of those patents and did not comply with the relevant statutory and regulatory requirements in order to preserve any such issues for judicial review.

## SECOND AFFIRMATIVE DEFENSE – COUNTS II AND III
### (Waiver)

53.    Luxim incorporates by reference paragraphs 21-30 of this First Amended Answer as if fully set forth here.

54.    Ceravision has waived all of its rights and claims to seek judicial review or resolution of the alleged issues described in Counts II and III, including any claim that any Guthrie Applicant or David Smoler is an inventor of any invention claimed in U.S. Patents Nos. 7,362,055, 7,348,732, 7,372,209, 7,362,054, 7,358,678 and 7,362,055 or any corresponding application because Ceravision had at least constructive knowledge of its alleged rights under the statutory and regulatory requirements and rules governing interferences to seek to bring a motion to add such applications to the '393 Interference and/or request the declaration of additional interference(s) involving the applications, to seek to bring a motion to correct inventorship of those applications, and to preserve any such issues for judicial review, and because Ceravision intentionally relinquished those alleged rights by its actions or failures to act during the '393 Interference. With respect to U.S. Patents Nos. 6,737,809 and 6,922,021, Ceravision had at least constructive knowledge of its alleged rights under the statutory and regulatory requirements and rules governing interferences to seek to move to correct inventorship of those patents and intentionally relinquished those alleged rights by its actions or failures to act during the '393 Interference.

## THIRD AFFIRMATIVE DEFENSE – COUNTS II AND III
### (Failure to State a Claim Upon Which Relief can be Granted)

55.    Counts II and III fail to state a claim upon which relief may be granted.

**FOURTH AFFIRMATIVE DEFENSE – COUNTS II AND III**
(**Failure to Comply with Rules 8 and 9(b), Fed. R. Civ. P.**)

56.     Counts II and III should be dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 9(b), in that they provide no information and do not even suggest a basis for their conclusory allegations.

**FIFTH AFFIRMATIVE DEFENSE – COUNTS II AND III**
(**Res Judicata**)

57.     Luxim incorporates by reference paragraphs 21-30 of this First Amended Answer as if fully set forth here.

58.     By reason of the March 24, 2008 Decision and Judgment of the Board denying Guthrie Applicants' motion for priority in the '393 Interference, Ceravision is barred by res judicata from bringing a claim including under 35 U.S.C. §§ 116 and 256 that any Guthrie Applicant or David Smoler should be named, or that any Espiau Inventor should not be named, as an inventor on U.S. Patent Applications Nos. 09/809,718, 10/356,340, 10/771,788, 10/947,800, 11/010,093, 11/135,047, 11/084,177, 11/084,069, 11/083,552, 11/083,557, 11/083,558, 11/083,559 and any patent issuing therefrom including but not limited to U.S. Patents Nos. 6,737,809, 6,922,021, 7,362,055, 7,348,732, 7,372,209, 7,362,054, 7,358,678 and 7,362,055.

**LUXIM'S COUNTERCLAIMS**

Counterclaim Plaintiff Luxim Corporation ("Luxim"), through its attorneys, asserts the following counterclaims against Counterclaim Defendant Ceravision Limited ("Ceravision").

**THE PARTIES**

59.     Luxim is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1171 Borregas Avenue, Sunnyvale, California.

60.     Luxim is the owner by assignment of U.S. Patent No. 6,737,809 ("the '809 patent"), which is titled "Plasma Lamp with Dielectric Waveguide" and lists as inventors

1    Frederick M. Espiau, Yian Chang, and Chandrashekhar J. Joshi (collectively, "the Espiau

2    Inventors").

3        61.    On information and belief, Ceravision is a corporation organized and

4    existing under the laws of the United Kingdom and has a place of business in Milton Keynes,

5    United Kingdom.

6        62.    Ceravision purports to be the owner by assignment of U.S. Patent

7    application 09/818,092 ("the '092 application"). The '092 application is entitled "High Intensity

8    Light Source" and lists as inventors Charles Guthrie, Edmund Sandberg, Gregory Prior, and

9    Don Wilson (collectively, "the Guthrie Applicants").

10

11                    **JURISDICTION AND VENUE**

12        63.    This Court has subject matter jurisdiction over these counterclaims,

13    which are based on an actual controversy between Luxim and Ceravision arising under the

14    Patent Laws of the United States, pursuant to 35 U.S.C. § 146 and 28 U.S.C. §§ 1331, 1338,

15    2201 and 2202.

16        64.    Venue is proper in this judicial district under 28 U.S.C. § 1391.

17

18                    **FIRST COUNTERCLAIM**
          **(The Board's Decision Incorrectly Assumes That Guthrie Applicants**
19          **Tested A Waveguide During The Week of July 17, 2000)**

20        65.    Luxim incorporates the allegations in paragraphs 57-62 as if fully set

21    forth here.

22        66.    The Board of Patent Appeals and Interferences ("the Board") of the

23    United States Patent and Trademark Office declared Interference No. 105,393 ("the '393

24    Interference") on January 24, 2006 between the '809 patent and the '092 application.

25        67.    Guthrie Applicants were the junior party in the '393 Interference and,

26    therefore, had the burden of demonstrating priority of invention by a preponderance of the

27    evidence.

28

68.     On March 24, 2008, the Board entered a "Decision – Priority – Bd. R. 125(a)" (Paper 256) in the '393 Interference in which the Board correctly determined that Guthrie Applicants did not reduce the invention to practice prior to Espiau Inventors' reduction to practice, but the Board appears to have erroneously assumed, contrary to fact, that Guthrie Applicants performed a test on some form of waveguide during the week of July 17, 2000.

69.     Guthrie Applicants did not test a waveguide of any kind during the week of July 17, 2000.

70.     Luxim is dissatisfied with this aspect (the assumption of a test by the Guthrie Applicants during the week of July 17, 2000) of the March 24, 2008 "Decision – Priority – Bd. R. 125(a)" (Paper 256).

71.     Luxim has not sought review of any Board decision in the '393 Interference by the United States Court of Appeals for the Federal Circuit.

### SECOND COUNTERCLAIM
**(Unpatentability for Failure to Meet 35 U.S.C. § 112, ¶ 1)**

72.     Luxim incorporates the averments in paragraphs 57-62 as if fully set forth here.

73.     On February 27, 2007, the Board entered a "Decision – Motions – Bd. R. 125(a)" (Paper 83) in the '393 Interference that denied Espiau's May 2, 2006 "Espiau Motion 2, Espiau's Claims Not Patentable To Guthrie" (Paper 34) challenging the '092 application's claims for failure to comply with 35 U.S.C. § 112, ¶ 1, which denial was erroneous and contrary to fact and law.

74.     The '092 application is unpatentable for failure to meet the conditions of patentability of 35 U.S.C. § 112, ¶ 1.

75.     Luxim is dissatisfied with this aspect of the February 27, 2007 "Decision – Motions – Bd. R. 125(a)" (Paper 83).

76.     Luxim has not sought review of any Board decision in the '393 Interference by the United States Court of Appeals for the Federal Circuit.

**THIRD COUNTERCLAIM**
(**Declaratory Judgment of Unpatentability
for Incorrect Inventorship**)

77.    Luxim incorporates the averments in paragraphs 38-42 and 57-62 as if fully set forth here.

78.    This counterclaim for declaratory judgment arises under 28 §§ 2201 and 2202.

79.    Even if the Guthrie Applicants and/or David Smoler contributed to the subject matter claimed in the '092 application (and they did not), the '092 application is unpatentable by reason of incorrect inventorship, which incorrect inventorship cannot be corrected, *see* 35 U.S.C. § 116.

80.    There is an actual and justiciable controversy between Ceravision and Luxim regarding the patentability of the '092 application.  Luxim desires a judicial determination and declaration concerning the patentability of the '092 application.  Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights regarding the subject matter claimed in the '809 patent and '092 application.

**FOURTH COUNTERCLAIM**
(**Unpatentability for Inequitable Conduct**)

81.    Luxim incorporates the averments in paragraphs 43-45, and 57-62 as if fully set forth here.

82.    This counterclaim for declaratory judgment arises under 28 U.S.C. §§ 2201 and 2202.

83.    Even if the Guthrie Applicants and/or David Smoler contributed to the subject matter claimed in the '092 application (and they did not), the '092 application is unpatentable because individuals associated with the filing and prosecution of the '092 application deliberately and knowingly withheld information from, and presented false information to, the United States Patent and Trademark Office ("USPTO"), which information

1   was material to the patentability of the '092 application, in violation of their duty of candor and

2   good faith dealing with the USPTO and with intent to deceive the USPTO.

3           84.     The claims of the '092 application are unpatentable under 37 C.F.R.

4   § 1.56 based on inequitable conduct.

5           85.     There is an actual and justiciable controversy between Ceravision and

6   Luxim regarding the patentability of the '092 application.  Luxim desires a judicial

7   determination and declaration concerning the patentability of the '092 application.  Such a

8   determination is necessary and appropriate at this time in order that the parties may ascertain

9   their respective rights regarding the subject matter claimed in the '809 patent and '092

10  application.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          WHEREFORE, defendant Luxim prays for judgment:

2          a.      Affirming the judgment of the United States Patent and Trademark Office

3 Board of Patent Appeals and Interferences in Interference No. 105,393 granting the '809 patent

4 priority over the '092 application;

5          b.      Dismissing the First Amended Complaint with prejudice;

6          c.      Adjudging the '092 application unpatentable;

7          d.      Declaring this as an exceptional case under 35 U.S.C. § 285 and awarding

8 to defendant Luxim its attorneys' fees and costs in this action together with such other and

9 further relief as this Court may deem just and proper.

10

11

Dated: July 15, 2008          By  /s/ Matthew A. Argenti

12                              Robert C. Morgan
                                  Clinton L. Conner

13                              ROPES & GRAY LLP

14                              Terry Kearney
                                  Matthew A. Argenti

15                              WILSON SONSINI GOODRICH & ROSATI

16                              Attorneys for Defendant and
                                  Counterclaim Plaintiff

17                              LUXIM CORPORATION

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SANTA CLARA:

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 650 Page Mill Road, Palo Alto, CA 94301.

On July 15, 2008, I served a true and correct copy of the foregoing document(s) described as: **FIRST AMENDED ANSWER AND COUNTERCLAIMS OF LUXIM CORPORATION TO FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

> Susan L Baker
> B. Jefferson Boggs
> Danny Huntington
> Timothy A Molino
> Bingham McCutchen LLP
> 2020 K Street, NW
> Washington, DC 20006-1806
> 202-373-6000
> 202-6001 (fax)
>
> Attorneys for Plaintiff and
> Counterclaim Defendant
> CERAVISION, LIMITED

☒  (BY U.S. MAIL)     I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with the U.S. Postal Service. A sealed envelope containing the foregoing document(s) was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Palo Alto, California, in the ordinary course of such business.

☒  (FEDERAL)   I declare under penalty of perjury that the foregoing is true and correct, and that I am a member of the bar of this Court.

Executed on July 15, 2008, at Palo Alto, California.

/s/ Matthew A. Argenti

Matthew A. Argenti