1  BINGHAM McCUTCHEN LLP
   JAMES B. LEWIS (SBN 71669)
2  1900 University Avenue
   East Palo Alto, CA 94303-2223
3  Telephone: 650.849.4400
   Facsimile: 650.849.4800
4  james.lewis@bingham.com

5  BINGHAM McCUTCHEN LLP
   R. DANNY HUNTINGTON (pro hac vice)
6  B. JEFFERSON BOGGS (pro hac vice)
   SUSAN BAKER MANNING (SBN 197350)
7  TIMOTHY A MOLINO (pro hac vice)
   2020 K Street, NW
8  Washington, DC 20006-1806
   Telephone: (202) 373-6000
9  Facsimile: (202) 373-6001
   danny.huntington@bingham.com
10 jeff.boggs@bingham.com
   susan.manning@bingham.com
11 timothy.molino@bingham.com

12
   Attorneys for Plaintiff and Counterclaim
13 Defendant Ceravision Limited

14               UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16                    SAN FRANCISCO DIVISION

17

18 | CERAVISION, LIMITED,           | Civil Action No. C 08-02575 SI |
   | Bletchley Park                  |                                |
19 | Milton Keynes                   | **CERAVISION'S REPLY TO**      |
   | England MK3 6EB,                | **LUXIM'S COUNTERCLAIMS**      |
20 |                                 |                                |
   |         Plaintiff,              |                                |
21 |     v.                          |                                |
22 | LUXIM CORPORATION,              |                                |
   | 1171 Borregas Avenue            |                                |
23 | Sunnyvale, California 94089,    |                                |
24 |         Defendant.              |                                |

25

26

27

28

1   Plaintiff and Counterclaim Defendant Ceravision Limited ("Ceravision") replies
2   as follows to the Counterclaims of Luxim Corporation's ("Luxim"):

## THE PARTIES

4   59.   Ceravision admits upon information and belief the allegations of
5   Paragraph 59.

6   60.   Ceravision admits that Luxim claims to be the owner by assignment of
7   U.S. Patent No. 6,737,809 ("the '809 patent"), which is titled "Plasma Lamp with Dielectric
8   Waveguide" and lists as investors Frederick M. Espiau, Yian Chang, and Chandrashekhar J.
9   Joshi (collectively, "the Espiau Inventors"). Ceravision denies that the '809 patent confers any
10  valid, protectable interest or right on Luxium.

11  61.   Ceravision admits the allegations of Paragraph 61.

12  62.   Ceravision admits that it is the owner by assignment of U.S. Patent
13  Application No. 09/818,092 ("the '092 application"). Ceravision admits that the '092
14  application is entitled "High Intensity Light Source" and lists Charles Guthrie, Edmund
15  Sandberg, Gregory Prior, Don Wilson and David Smoler as inventors (collectively, "the Guthrie
16  Applicants").

## JURISDICTION AND VENUE

18  63.   Ceravision admits the allegations of Paragraph 63.

19  64.   Ceravision admits the allegations of Paragraph 64.

## FIRST COUNTERCLAIM

21  65.   Ceravision incorporates by reference its responses to Paragraphs 59-64
22  above as if fully set forth herein.

23  66.   Ceravision admits the allegations of Paragraph 66.

24  67.   Ceravision admits that the allegations of Paragraph 67.

25  68.   Ceravision admits that the Board found the Espiau Inventors filed their
26  provisional patent application before the Guthrie Inventors reduced to practice. Ceravision also
27  admits that the Board found the Guthrie Inventors built and tested a waive guide during the week
28  of July 17, 2000. Ceravision denies the remaining allegations of Paragraph 68.

2

1  69.  Ceravision denies the allegations of Paragraph 69.

2  70.  Ceravision lacks sufficient information to admit or deny the allegations of Paragraph 70, and on that ground denies each and every allegation of Paragraph 70.

4  71.  Ceravision lacks sufficient information to admit or deny the allegations of Paragraph 71, and on that ground denies each and every allegation of Paragraph 71.

**SECOND COUNTERCLAIM**

72.  Ceravision incorporates by reference its responses to Paragraphs 59-71 above as if fully set forth herein.

73.  Ceravision admits that on February 27, 2007, the Board entered a "Decision - Motions - Bd. R. 125(a)" (Paper 83) in the '393 Interference that denied Espiau's May 2, 2006 "Espiau Motion 2, Espiau's Claims Not Patentable To Guthrie" (Paper 34) challenging the '092 application's claims for failure to comply with 35 U.S.C. § 112, ¶ 1. Ceravision denies the remaining allegations of Paragraph 73.

74.  Ceravision denies the allegations of Paragraph 74.

75.  Ceravision lacks sufficient information to admit or deny the allegations of Paragraph 75, and on that ground denies each and every allegation of Paragraph 75.

76.  Ceravision lacks sufficient information to admit or deny the allegations of Paragraph 76, and on that ground denies each and every allegation of Paragraph 76.

**THIRD COUNTERCLAIM**

77.  Ceravision incorporates by reference its responses to Paragraphs 59-76 above as if fully set forth herein.

   a.  Ceravision denies the allegations of Paragraph 38.
   b.  Ceravision denies the allegations of Paragraph 39.
       i.  Ceravision admits the allegations of Paragraph 39(a).
       ii. Ceravision admits that David Smoler attended meetings during which some or all of the subject matter of the '092 application was conceived, and that Mr. Smoler conceived of at least a portion of the subject matter of the Count

1                  claimed in the '092 application. Ceravision denies the remaining allegations of Paragraph 39(b).

       c. Ceravision admits that David Smoler conceived of at least a portion of the subject matter of the Count claimed in the '092 patent application, and that Mr. Smoler was not identified as an inventor on the '092 application when originally filed. Ceravision denies the remaining allegations of Paragraph 40.

       d. Ceravision admits that it petitioned to amend the '092 application to add David Smoler as a named inventor. Ceravision denies the remaining allegations of Paragraph 41.

       e. Ceravision denies the allegations of Paragraph 42.

78. Ceravision admits the allegations of Paragraph 78.

79. Ceravision denies the allegations of Paragraph 79.

80. Ceravision admits that there is an actual and justiciable controversy between Ceravision and Luxim regarding the patentability of the '092 application. Ceravision lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 80, and on that ground denies each and every allegation of Paragraph 80.

## FOURTH COUNTERCLAIM

81. Ceravision incorporates by reference its responses to Paragraphs 43 and 59-80 as if fully set forth herein. Ceravision denies the allegations of Paragraphs 44 and 45.

82. Ceravision admits the allegations of Paragraph 82.

83. Ceravision denies the allegations of Paragraph 83.

84. Ceravision denies the allegations of Paragraph 84.

85. Ceravision admits that there is an actual and justiciable controversy between Ceravision and Luxim regarding the patentability of the '092 application. Ceravision lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 85, and on that ground denies each and every allegation of Paragraph 85.

| | | |
|---|---|---|
| 1 | **WHEREFORE**, Ceravision prays: | |
| 2 | 1. | that Luxim take nothing by this action; |
| 3 | 2. | that judgment be rendered in favor of Ceravision as prayed in the Amended Complaint; |
| 5 | 3. | that costs and attorneys fees be awarded in favor of Ceravision against Luxim; and |
| 7 | 4. | for such other relief as the Court deems proper. |

Dated: August 4, 2008

BINGHAM McCUTCHEN LLP


By: ___/s/ James B. Lewis___
James B. Lewis
Attorneys for Plaintiff and Counterclaim
Defendant Ceravision Limited